IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JENNIFER FLOWERS,

Plaintiff,

vs.

WALMART, INC., and PROGRO PARTNERS,

Defendants.

**4:24CV3094**

**ORDER**

This matter is before the court after review of the docket. Plaintiff filed a Complaint against Defendant Walmart, Inc. on May 20, 2024. (Filing No. 1). On May 18, 2026, Plaintiff and Defendant jointly moved for an order granting Plaintiff leave to file an Amended Complaint. The parties' discovery and settlement negotiations "revealed the necessity of adding the workers' compensation carrier or Plaintiff's employer as a nominal defendant to properly adjudicate subrogation interests." (Filing No. 39). The court granted leave to amend the complaint for good cause shown. (Filing No. 40, Text Order). Plaintiff filed an Amended Complaint naming ProGro, LLC as a nominal defendant. (Filing No. 41).

On June 15, 2026, Plaintiff moved to dismiss ProGro, LLC, and after the motion was granted Plaintiff filed a Second Amended Complaint naming ProGro Partners as a nominal defendant. (Filing No. 46; Filing No. 47; Filing No. 48). The Second Amended Complaint alleges that ProGro was a third-party vendor Defendant hired to do work at its

Nebraska City location, and Plaintiff worked for ProGro at the time of the incident. It further alleges:

> 16. Because Plaintiff was in the course and scope of her employment with Nominal Defendant ProGro at the time of the injury, ProGro may claim a subrogation interest in this matter for benefits paid. However, Plaintiff alleges that any such interest is contractually waived or otherwise limited by agreement, and ProGro is joined to allow this Court to determine the validity and extent of any such lien.

(Filing No. 48 at 3). Plaintiff "prays for a judgment against Defendant Walmart for her special and general damages, an order adjudicating the subrogation interest of Nominal Defendant ProGro," an award of attorney's fees, and any other appropriate relief. (Filing No. 48 at 3). Plaintiff requested summons on June 16, 2026, directed to:

> PROGRO PARTNERS, NOMINAL DEFENDANT
> Registered Agent and Office Address
> Brian Lloyd
> 1876 N 460 W, PO Box 1247
> Salem, UT, 84653

(Filing No. 49).

Plaintiff filed proof of service on July 16, 2026, purportedly showing Plaintiff had served ProGro Partners by certified mail. (Filing No. 52). The filing did not contain a signed return receipt. Plaintiff filed a supplemental proof of service on July 23, 2026, which included the USPS tracking receipt, showing the certified mail had been picked up at the post office. (Filing No. 53). ProGro Partners has not appeared in this case and has not filed an answer or claim asserting a subrogation interest.

Fed. R. Civ. P. 4(h) provides that a domestic corporation must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h). Rule 4(e)(1) for serving an individual provides that an individual may be served by "following state law for serving a summons

in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which in this case is Nebraska or Utah. Fed. R. Civ. P. 4(e)(1).

Nebraska law provides that "A corporation may be served by personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office." *Neb. Rev. Stat.* § 25-509.01. When service is made by certified mail, the plaintiff must file the signed receipt. *See* *Neb. Rev. Stat.* § 25-505.01(1)(c). Similarly, Utah law provides that service on an entity may be accomplished by mail or commercial courier service, provided that the "defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt." Utah R. Civ. P. 4(d)(2)(B); 4(d)(1)(E)); *See* *Farabee v. Perfection Collection LLC*, No. 17-CV-02528-JAR-GEB, 2017 WL 6508943, at *2 (D. Kan. Dec. 20, 2017).

The tracking receipt does not provide the name of the recipient or the full address where the envelope was sent. It does not contain the "green card" return receipt from the certified mail envelope or the signature of the person who picked up the envelope. It simply shows the envelope was delivered to "Salem, UT 84653" and states the envelope was "Delivered, Individual Picked Up at Post Office." (Filing No. 53-1). Nebraska law requires the return receipt for certified mail service to show "to whom and where delivered" with a *signed* receipt attached and Utah law also requires defendant's agent to sign a document indicating receipt. *See* *Neb. Rev. Stat. Ann.* § 25-505.01(1)(c); Utah R. Civ. P. 4(d)(2)(B); 4(d)(1)(E). The court finds Plaintiff's proof of service is insufficient to establish that ProGro Partners was properly served under either Nebraska or Utah law.

It is possible that ProGro Partners has received Plaintiff's mailing and has chosen not to appear or assert a subrogation interest. However, because Plaintiff has asked the court to adjudicate ProGro Partner's subrogation interest, the court is obligated to verify

that ProGro Partners received appropriate notice of these proceedings. As this case has been pending for over two years, and to avoid any further delay,

IT IS ORDERED that on or before August 3, 2026, Plaintiff shall either:

1. file an amended proof of service with a copy of the signed "green card" or other signed receipt that complies with the service requirements; or,
2. re-serve Nominal Defendant ProGro Partners in compliance with Nebraska and/or Utah law and in accordance with this order, and file proof of service.

Dated this 24th day of July, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge